UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

v.

CLINTON LAMONT ATKINS,

    Defendant
_____/

Case No: 1:05-cr-124-01

HONORABLE PAUL L. MALONEY
Chief United States District Judge

MEMORANDUM OPINION
AND ORDER

    This case returns for resentencing pursuant to a remand from the Sixth Circuit. "The <u>sole</u> issue on appeal [was] whether the District Court improperly delegated to the probation officer the authority to determine how long the defendant must remain on home detention with electronic monitoring." The government conceded this Court's error. The remand order followed.

    Armed with the Supreme Court decision in <u>Pepper v. United States</u>, 562 U.S. __, 131 S. Ct 1229 (2011) and <u>United States v. Taylor</u>, 648 F 3d 417, 425-426 (6th Cir 2011), the Defendant invites my consideration of Defendant's post-sentencing rehabilitation efforts since incarcerated, to fashion terms of supervised release. Defendant makes no request for a reduction of his 11 month sentence of incarceration.

    The Court fully considers Defendant's assertions concerning rehabilitative steps taken while incarcerated. I also recognize that the Bureau of Prisons (BOP) in evaluating Defendant's needs <u>based on his conduct in prison</u> have assigned a 30 day term of half-way house placement. Of course, this Court set a period of four months in the half-way house after release from BOP custody. This Court did so as a result of Defendant's miserable compliance with the previous terms of supervised release.

    Early in Defendant's supervision, this Court was doing hand stands attempting to address non-compliant behavior short of re-incarcerating him. Such effort was greeted with further non-compliance, to wit: lying to his probation officer and possession and use of cocaine.

Mr. Atkins objects to structure imposed by others.  His objection to additional half-way house time stems not from any concern about earning money for his family – indeed he turned down hours of employment with Dr. Peabody – but how such a placement would infringe on his time to do what <u>he</u> wants.

This Court needs to know where Mr. Atkins is for a prolonged period of time until he can restore some measure of trust with this Court.

Accordingly all previous terms and conditions of supervised release imposed on September 6, 2011, are re-imposed.  The time for home detention will be three months.  (Amendment to condition #9.)

The Court finds all the imposed non-mandatory conditions of supervised release ordered herein meet the three requirements required to be addressed.  See <u>U.S. v. Minor</u>, 440 Fed. Appx. 479, 482-83 (6th Cir 2011).[1]

IT IS SO ORDERED.


DATED:  February 3, 2012               /s/ Paul L. Maloney
                                       Paul L. Maloney
                                       Chief United States District Judge

---

[1] Defendant cites the <u>Minor</u> case (unpublished) and Judge Krupansky's sole concurrence in <u>Jones,</u> 107 F 3d 1147, 1169 n 7 (6th Cir 1997) for the proposition that home detention can be more restrictive than a half-way house.  This Court has not been cited to binding Circuit authority for this proposition.  This Court's experience as a Federal District Judge is not consistent with that observation.